IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID STROHMAIER,<br>JULIA STROHMAIER,<br><br>Plaintiffs,<br><br>v.<br><br>RAY DENNISON CHEVROLET, Inc.,<br><br>Defendant. | FILED<br>SEP 3 0 2004<br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS<br><br>No. 04-1106<br><br>JURY DEMANDED |

## MOTION TO COMPEL

**NOW COME** Plaintiffs, David and Julia Strohmaier, by their attorneys, and for the Motion to Compel, state as follows:

1. Plaintiffs' discovery upon Defendant was served on July 13, 2004. Exhibit A, relevant pages of Interrogatories, Requests to Produce, and a Proof of Service.

2. Defendant objected to Interrogatories Nos. 8, 9, and 10. Further, Defendant's responses were not sworn, as required by F.R.C.P. 33(b)(1).

3. Defendant also objected to Requests to Produce Nos. 9 and 16.

4. Attempting to meet and confer, and therefore to avoid the need of this Motion, Plaintiff sent a letter on August 21, 2004. Exhibit B. Plaintiff received no response. Plaintiff followed up with a letter of September 21, 2004. Exhibit C. Plaintiff received no response. Plaintiff called Defendant's counsel, leaving a message requesting a call-back on September 23, 2004 (memorialized in a letter of September 24, 2004). Plaintiff received no response. Plaintiff

followed up with a letter of September 26, 2004, again requesting a call-back. Exhibit D. Plaintiff received no response.

5. **Interrogatories Nos. 8, 9, 10.** These interrogatories ask for financial information of Defendant. This information is explicitly discoverable under Section 1691e(b) of the Equal Credit Opportunity Act. The Court should order Defendant to answer these Interrogatories.

6. **Requests to Produce Nos. 9 and 16.** Request No. 9 asks for all retail installment contract forms, currently used by Defendant. This information is relevant, because most forms in Illinois provide for a sale for a "deferred payment price." This is a language of extension of credit, because ECOA defines credit as:

> the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor.

15 U.S.C. §1691a(d). Moreover, the regulations promulgated under the Act state that an entity becomes a creditor only if it does certain things "regularly." 12 C.F.R. §202.2(l).

7. Whether or not Defendant is a creditor is one of the issues in the case. Plaintiff suggested (Exhibit B) that, if Defendant agrees to stipulate that it is a "creditor" under ECOA, this information would not be needed, but Defendant did not respond. Plaintiff is entitled to know whether Defendant "regularly" (as would be demonstrated by the retail installment contract forms) extends credit. The Court should order Defendant to produce the requested documents.

8. Request No. 16 asks for all documents, etc., relating to the calculation of annual percentage rates for customers. These documents again would be directly relevant to Defendant's status as a "creditor." Under the applicable Seventh Circuit authority (Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 980 (7th Cir. 2004)[1]), if a car dealer has the

---

[1] "Finally, Gateway regularly set the annual percentage rate (APR) associated with the sale. *Id.* at ¶ 60-62. If Gateway set an APR higher than the rate upon which the lender would otherwise agree to extend credit, Gateway

ability to retain a "spread" between the "buy-rate" (the rate at which a bank takes assignment of a financing contract) and the "sell-rate" (the rate which appears on the face of the finance contract), this makes a car dealer to participate in the setting of the terms of the transaction, and therefore makes it a "creditor" under ECOA. Again, if Defendant stipulates to its status as a creditor under ECOA, Plaintiff has no need of the documents. But, if Defendant does not, Plaintiff is entitled to have these documents.

> **WHEREFORE**, Plaintiffs request that this Court grant them the following relief:
>
> A. Order Defendant to answer Interrogatories Nos. 8, 9, and 10, and produce the documents pursuant to Request Nos. 9 and 16;
>
> B. Grant Plaintiffs their attorney fees for brining this Motion; and
>
> C. Grant Plaintiffs other appropriate and just relief.

**DAVID STROHMAIER**

**JULIA STROHMAIER**

By: _____
     One of their attorneys

Dmitry N. Feofanov
CHICAGOLEMONLAW.COM
1639 Brandywine Lane
Dixon, IL  61021
815/288-3217

---

and the lender would split the incremental proceeds, known as the 'reserve'. Therefore, Gateway could increase the APR in order to induce the lender to agree to extend credit and in so doing, it was also 'setting the terms of the credit' and benefiting from the loan."

## PROOF OF SERVICE

I, Dmitry Feofanov, under penalties of perjury, certify that I served a copy of this Motion to all the person(s) listed in the Service List below, by enclosing the above-referenced document(s) in an envelope plainly addressed to such person(s) at the address(es) listed above, by sealing the envelope containing the above-described document(s), and affixing to the envelope the proper amount of U.S. postage for regular mail, and then by depositing the envelope with its contents in the United States mail at the United States Post Office in Dixon, Illinois, at or before the hour of 5:00 p.m. on or before September 28, 2004.

_____
Dmitry Feofanov

### SERVICE LIST

1. Clerk of the United States District Court
   Central District of Illinois
   100 NE Monroe Street, Suite 309
   Peoria, Illinois 61602

   Original, 2 copies, SASE

2. Gerald L. Hall, Esq.
   524 Court Street
   Pekin, IL  61554

3. File

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID STROHMAIER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 04-1106 |
| RAY DENNISON CHEVROLET, Inc., | ) ) ) | |
| Defendant. | ) | JURY DEMANDED |

**INTERROGATORIES, REQUESTS
TO PRODUCE, AND REQUESTS TO ADMIT
TO DEFENDANT RAY DENNISON CHEVROLET**

To: See attached Service List

**Instructions**

1. If you have an objection to a request or interrogatory, especially for "vagueness," "breadth," or "relevance," call us. We will try to limit the request or explain an ambiguity. The Rules require us to work out discovery problems.

2. If you do not understand a word or a sentence, please first consult Black's Law Dictionary, or, if not defined there, Webster's Collegiate Dictionary. If, after consulting Black's Law Dictionary or Webster's Collegiate Dictionary, you still do not understand a word or a sentence, call us. We will be happy to define it for you.

**Definitions and explanations**

1. Whenever respondent is asked to "identify" a person or persons, it is contemplated that

1

Ex. A

person at any time with regard to the Transaction? If the answer to this Interrogatory is in the affirmative, state the following:

> a. The date or dates of such conversation(s) and/or statement(s);
> b. The place of such conversation(s) and/or statement(s);
> c. All persons present for the conversation(s) and/or statement(s);
> d. The matters and things stated by the person in the conversation(s) and/or statement(s);
> e. Whether the conversation(s) was (were) oral, written and/or recorded; and
> f. Who has possession of the statement(s) if written and/or recorded.

8. Identify all credit applications and financial statements prepared by, or for, you at any time in the past three years, including, but not limited to, all periodic reports to automobile manufacturers and finance companies or banks, and statements prepared for distribution to the public.

9. State your net worth, and explain how it was derived.

10. State your gross income for each of the last three years, plus the current year to date, for all dealership departments combined.

11. To the extent that your responses to the Requests to Admit served on you simultaneously with these Interrogatories are other than unqualified admissions, list all facts on which you base any part of your response that is not an unqualified admission, identify all persons with knowledge of each such fact, and identify all documents memorializing each such fact.

12. Identify any statements, information and/or documents known to you and requested by any of the foregoing Interrogatories which you claim to be work product or subject to any common law or statutory privilege, and with respect to each Interrogatory, specify the legal basis

8. All documents listing buy-rates, in force during the Transaction, from the financing entities which turned down Plaintiff's application for financing.

9. All retail installment contract forms, currently used by Ray Dennison Chevrolet.

10. All documents reflecting any potential payment of money or other consideration, whether by Plaintiff to Ray Dennison Chevrolet, or by Ray Dennison Chevrolet to Plaintiff, including payments by or to a third party such as a finance company or insurance company, including, but not limited to, any banks or finance companies, related to this Transaction.

11. All written communications between Ray Dennison Chevrolet and any finance company, bank, or insurance company relating to this transaction, and all documents reflecting the occurrence of or pertaining to oral communications between Ray Dennison Chevrolet and any finance company, bank, or insurance company relating to this Transaction.

12. All statements and records of statements made by persons who may have knowledge of the facts of this case.

13. All correspondence, reports, memoranda, notes, intra-company and inter-office messages, e-mails, applications, and descriptions which relate in any way to Plaintiff, the Car or the parties' Transaction.

14. All insurance policies or agreements which may provide payment to Plaintiff for his claims in this case, or which may provide indemnification or other benefits to Ray Dennison Chevrolet as a result of this litigation.

15. All documents, manuals, or similar instructional materials maintained by Ray Dennison Chevrolet relating to compliance by its employees or agents with the Equal Credit Opportunity Act and Fair Credit Reporting Act.

16. Other than those contemplated by the preceding Request, all documents, manuals, or other instructional materials Ray Dennison Chevrolet maintains relating to the calculation of annual percentage rates for customers.

17. All documents pertaining to entries in the Ray Dennison Chevrolet's reserve or other bank account(s) that was affected or that would have been affected by this Transaction.

18. All documents pertaining to the "buy-rate" at which any bank or finance company would have acquired Plaintiff's Retail Installment Contract from Ray Dennison Chevrolet and all documents reflecting the commission or other consideration or rebate earned, received, or would have been earned or received, by Ray Dennison Chevrolet from any bank or finance company.

**III. Requests to Admit**

Plaintiff requests that Ray Dennison Chevrolet admit the truth of the following facts within 30 days:

1. In September of 2003, Plaintiff came to the business premises of Ray Dennison Chevrolet.

2. In September of 2003, Plaintiff spoke to a salesman at Ray Dennison Chevrolet.

3. On or before September 8, 2003, Ray Dennison Chevrolet accessed Plaintiff's credit report.

4. In September of 2003, Ray Dennison Chevrolet told Plaintiff that his credit was not sufficient.

5. In September of 2003, Ray Dennison Chevrolet refused to accept Plaintiff's application for credit.

6. In September of 2003 Ray Dennison Chevrolet expected to assign Plaintiff's finance

10

Dmitry N. Feofanov
CHICAGOLEMONLAW.COM
1639 Brandywine Lane
Dixon, IL 61021
815/288-3217

## PROOF OF SERVICE

I, Dmitry Feofanov, certify that I served a copy of the above-referenced Interrogatories, Requests to Produce, and Requests to Admit, to counsel for Ray Dennison Chevrolet by facsimile transmission to 1-309-347-1112 (16 pages, confirmation copy) and by enclosing the above-referenced document(s) in an envelope plainly addressed to such person(s) at the address(es) listed above, by sealing the envelope containing the above-described document(s), and affixing to the envelope the proper amount of U.S. postage for regular mail, and then by depositing the envelope with its contents in the United States mail at the United States Post Office in Dixon, Illinois, at or before the hour of 5:00 p.m. on or before July 13, 2004.

_____
Dmitry Feofanov

## CERTIFICATION

Under penalties of perjury, I certify that the statements set forth in the foregoing Proof of Service are true and correct.

_____
Dmitry Feofanov

## SERVICE LIST

1.  Gerald L. Hall, Esq.
    524 Court Street
    Pekin, IL 61554

2.  Original to File

16

*Dmitry N. Feofanov*
*Attorney at Law*
(815) 288-3217

CHICAGOLEMONLAW.COM
1639 Brandywine Lane
Dixon, IL 61021

August 21, 2004

Gerald L. Hall
333 Court Street, Suite 304
Pekin, IL 61554

### Re: *Strohmaier v. Ray Dennison Chevrolet*

VIA FACSIMILE to 1-309-347-1112

Dear Gerald:

I am writing in regard to your responses to our discovery requests.

### A. Interrogatories

1. Interrogatories Nos. 8, 9, and 10. Your objection is invalid, as information regarding defendant's financial condition is discoverable under Section 1691e(b) of the ECOA. I hope you would provide the requested information without a motion. If, however, you choose to stand on your objections, please call me to have a formal meet and confer within 14 days.

2. Your client's responses are not sworn, as required by F.R.C.P. 33(b)(1). Please forward a proper signature page within 14 days.

### B. Requests to Produce

1. Request to Produce No. 9. The form of a retail installment contract used by your client is relevant with respect to its status as a creditor under ECOA. If you agree to stipulate that your client is a creditor under ECOA, we will withdraw the request. However, absent such an agreement, this information goes to our prima facie case, and we ask that you immediately provide us the requested documents. If, however, you choose to stand on your objections, please call me to have a formal meet and confer within 14 days.

2. Request to Produce No. 16. In fact, this request is relevant with respect to the status of your client as a creditor under ECOA. If you agree to stipulate that your client is a creditor under ECOA, we will withdraw the request. However, absent such an agreement, this

Ex. B

# CHICAGOLEMONLAW.COM

Gerald L. Hall
August 21, 2004
Page Two


information goes to our prima facie case, and we ask that you immediately provide us the requested documents. If, however, you choose to stand on your objections, please call me to have a formal meet and confer within 14 days.

Very truly yours,

**CHICAGOLEMONLAW.COM**


Dmitry N. Feofanov

*Dmitry N. Feofanov*            CHICAGOLEMONLAW.COM
*Attorney at Law*               *1639 Brandywine Lane*
*(815) 288-3217*                *Dixon, IL  61021*

September 21, 2004

Gerald L. Hall
333 Court Street, Suite 304
Pekin, IL  61554

      ***Re: Strohmaier v. Ray Dennison Chevrolet***

VIA FACSIMILE to 1-309-347-1112

Dear Gerald:

This is a letter I sent you a month ago.  Will you please call me tomorrow to discuss?—

I am writing in regard to your responses to our discovery requests.

    ***A. Interrogatories***

    1.  Interrogatories Nos. 8, 9, and 10.  Your objection is invalid, as information regarding defendant's financial condition is discoverable under Section 1691e(b) of the ECOA.  I hope you would provide the requested information without a motion.  If, however, you choose to stand on your objections, please call me to have a formal meet and confer within 14 days.

    2.  Your client's responses are not sworn, as required by F.R.C.P. 33(b)(1).  Please forward a proper signature page within 14 days.

    ***B. Requests to Produce***

    1.  Request to Produce No. 9.  The form of a retail installment contract used by your client is relevant with respect to its status as a creditor under ECOA.  If you agree to stipulate that your client is a creditor under ECOA, we will withdraw the request.  However, absent such an agreement, this information goes to our prima facie case, and we ask that you immediately provide us the requested documents.  If, however, you choose to stand on your objections, please call me to have a formal meet and confer within 14 days.

Ex. C

CHICAGOLEMONLAW.COM

Gerald L. Hall
September 21, 2004
Page Two


    2. Request to Produce No. 16. In fact, this request is relevant with respect to the status of your client as a creditor under ECOA. If you agree to stipulate that your client is a creditor under ECOA, we will withdraw the request. However, absent such an agreement, this information goes to our prima facie case, and we ask that you immediately provide us the requested documents. If, however, you choose to stand on your objections, please call me to have a formal meet and confer within 14 days.

Very truly yours,

CHICAGOLEMONLAW.COM


Dmitry N. Feofanov

*Dmitry N. Feofanov*  CHICAGOLEMONLAW.COM
*Attorney at Law*  *1639 Brandywine Lane*
*(815) 288-3217*  *Dixon, IL 61021*

September 26, 2004

Gerald L. Hall
333 Court Street, Suite 304
Pekin, IL 61554

    *Re: Strohmaier v. Ray Dennison Chevrolet*

VIA FACSIMILE to 1-309-347-1112

Dear Gerald:

On September 23, 2004, I left you a message with your secretary, asking you to call me to discuss your objections to our discovery. Please call me so that we can comply with the "meet and confer" requirement before filing a motion.

Very truly yours,

CHICAGOLEMONLAW.COM


Dmitry N. Feofanov

Ex. D