IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID STROHMAIER, | ) | |
| | ) | FILED |
| Plaintiff, | ) | JAN 1 2 2005 |
| | ) | JOHN M. WATERS, Clerk |
| v. | ) No. 04-1106 | U.S. DISTRICT COURT |
| | ) | CENTRAL DISTRICT OF ILLINOIS |
| RAY DANNISON CHEVROLET, Inc., | ) | Judge Gorman |
| | ) | Equitable Relief Sought |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

## AMENDED COMPLAINT

**NOW COMES** Plaintiff, David Strohmaier, by and through his attorneys, and, as and for Complaint, states as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages and equitable relief for violations of the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq., and Fair Credit Reporting Act, 15 U.S.C., §1681 et seq.

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the Equal Credit Opportunity Act and Fair Credit Reporting Act. Defendant Ray Dennison Chevrolet, Inc., resides at 2320 North 8th Street, Pekin, Illinois, and therefore venue is appropriate in this district as contemplated by 28 U.S.C. §1391(b)(1).

### III. FACTS

3. On or about September 8, 2003, Mr. Strohmaier came to Ray Dennison to buy a car.

4. Ray Dennison had Mr. Strohmaier give it all the information its regularly obtains and considers in valuating applications for the amount and type of credit requested, i.e., to buy a car.

5. Ray Dennison requested that Mr. Strohmaier gave it his social security number.

6. Ray Dennison accessed Mr. Strohmaier's credit report.

7. Ray Dennison obtained a copy of Mr. Strohmaier's credit report.

8. Based on the information contained in Mr. Strohmaier's completed credit application, Ray Dennison determined that Mr. Strohmaier would not be eligible for financing. In the alternative, Mr. Strohmaier's application was incomplete.

9. Based on this determination, Ray Dennison decided not to extend credit for Mr. Strohmaier, not to seek the assignment of any future credit contract, and did not forward his application to any financing institution that would have took the assignment of the credit contract.

10. It is a common practice for Ray Dennison not to proceed with a credit transaction for those that it determines to be ineligible for credit.

## IV. CAUSES OF ACTION

**Count I—Equal Credit Opportunity Act:  Declaratory Judgment, Injunctive Relief, and Damages**

11. Mr. Strohmaier re-alleges all the factual allegations contained in all other paragraphs of this Complaint, and incorporates them herein by reference.

12. Section 1691(d)(2) of the Act states, in pertinent part:

Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from a creditor.

13. Regulation B, 12 C.F.R. 202.9(a)(1) states:

*When notification is required.* A creditor shall notify an applicant of action taken within:

(i) 30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application;

(ii) 30 days after taking adverse action on an incomplete application, unless notice is provided in accordance with paragraph (c) of this section;

(iii) 30 days after taking adverse action on an existing account; or

(iv) 90 days after notifying the applicant of a counteroffer if the applicant does not expressly accept or use the credit offered.

14. Thus, 15 U.S.C. §1691(d)(2), and Regulation B, 12 C.F.R. 202.9(a)(1), mandate that each applicant against whom adverse action is taken is entitled to a statement of reasons for such action, in writing, from the creditor.

15. Ray Dennison is a creditor, because it regularly arranges for extension of credit to applicants, or, in the alternative, regularly participates in credit decisions, including setting the terms of the credit.

16. Ray Dennison violated 15 U.S.C. §1691(d)(2) and Regulation B, 12 C.F.R. 202.9(a)(1)(i) or (ii), by not providing Mr. Strohmaier with a written statement, as mandated by ECOA.

17. As a result, Mr. Strohmaier suffered damages, including, but not limited to, being deprived of valuable economic information and Mr. Strohmaier's rights to this information under the Act.

**WHEREFORE**, Mr. Strohmaier requests that this Honorable Court:

A. Declare the practice illegal and enjoin the illegal practice complained of;

B. Award Mr. Strohmaier the damages to which he is entitled, including punitive damages;

C. Award Mr. Strohmaier expenses of litigation and costs;

D. Award Mr. Strohmaier's attorneys their fees; and

E. Grant Mr. Strohmaier other relief the Court deems appropriate and just.

**Count II—Fair Credit Reporting Act: Declaratory Judgment, Injunctive Relief, and Damages**

18. Mr. Strohmaier re-alleges all the factual allegations contained in all other paragraphs of this Complaint, and incorporates them herein by reference.

19. Section 1681m of the Fair Credit Reporting Act establishes duties of users taking adverse actions on the basis of information contained in consumer credit reports.

20. Ray Dennison is a user, which took an adverse action against Mr. Strohmaier by denying him credit on the basis of information contained in his consumer report, as defined by the Act.

21. Ray Dennison never provided Mr. Strohmaier with the information mandated by 15 U.S.C. §1681m(a)(2) and (a)(3).

22. As a result, Mr. Strohmaier was damaged by Ray Dennison's willful noncompliance in that he was deprived of valuable economic information and was unable to assess the number of times adverse action was taken against him and the number of times he was being denied credit.

**WHEREFORE**, Mr. Strohmaier requests that the Court:

A. Declare the practice illegal and enjoin the illegal practice complained of;

B. Award Mr. Strohmaier statutory, actual, and punitive damages to which he is entitled under 15 U.S.C. §1681n;

C. Award Mr. Strohmaier expenses of litigation and costs;

D. Award Mr. Strohmaier's attorneys their fees; and

E. Grant other relief the Court deems just.

**DAVID STROHMAIER**

By: _____
    One of his Attorneys

Dmitry N. Feofanov

CHICAGOLEMONLAW.COM
1639 Brandywine Lane
Dixon, IL 61021
815/288-3217

5

IN THE UNITED STATE DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID STROHMAIER,              )<br>)<br>Plaintiff,          )<br>)<br>v.                 )<br>)<br>RAY DANNISON CHEVROLET, Inc.,  )<br>)<br>Defendant.         )<br>) | No. 04-1106<br><br>JURY DEMANDED |

## NOTICE OF FILING

TO:   See Attached Service List

**PLEASE BE ADVISED** that on January 10, 2005, the following described document(s), copies of which are enclosed, or were previously served upon you, were mailed for filing to the Clerk of the United States District Court for the Central District of Illinois, Eastern Division:

1.   **Amended Complaint.**

**DAVID STROHMAIER**

By: _____
One of his attorneys

Dmitry N. Feofanov
CHICAGOLEMONLAW.COM
1639 Brandywine Lane
Dixon, IL  61021
815/288-3217

## PROOF OF SERVICE

I, Stephanie D. Christensen, certify that I served a copy of the above-referenced document(s) and a Notice of Filing to the person(s) listed above, by enclosing the above-referenced document(s) in an envelope plainly addressed to such person(s) at the address(es) listed above, by sealing the envelope containing the above-described document(s), and affixing to the envelope the proper amount of U.S. postage for regular mail, and then by depositing the envelope with its contents in the United States mail at the United States Post Office in Dixon, Illinois, at or before the hour of 5:00 p.m. on or before January 10, 2005.

_____
Stephanie D. Christensen

## CERTIFICATION

Under penalties for perjury, I certify that the statement set forth in the foregoing Proof of Service are true and correct.

_____
Stephanie D. Christensen

## SERVICE LIST

1. Clerk of the District Court
   Central District of Illinois
   100 N.E. Monroe Street, Suite 309
   Peoria, IL 61602

   Original, 2 copies, SASE

2. Mr. Gerald L. Hall
   524 Court Street
   Pekin, IL 61554

3. File