IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID STROHMAIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-1106 |
| RAY DENNISON CHEVROLET, Inc., | ) ) ) |
| Defendant. | ) JURY DEMANDED ) |

## SECOND MOTION TO COMPEL

**NOW COMES** Plaintiff, David Strohmaier, by their attorneys, and for his Second Motion to Compel, state as follows:

1. Before the close of discovery, Plaintiff filed, and the Court granted, Motion to Compel. Under the terms of the Court's order, Defendant was to produce certain documents within 28 days, by November 28, 2004 (which was after the close of discovery).

2. Defendant did not produce the documents within 28 days; but, eventually, after several reminders, Defendant produced the documents on December 31, 2004.

3. On January 2, 2005, counsel for Plaintiff pointed out to counsel for Defendant that the production was deficient, in that, Defendant still did not provide sworn answers to Plaintiff's Interrogatories (this matter was argued in the original Motion to Compel), as required by F.R.C.P. 33(b)(2). Also, the document production had no differentiation, and were not accompanied by a signature of counsel, in violation of F.R.C.P. 34(b). All this was pointed out in a letter of counsel, dated January 2, 2005, Exhibit A.

4. Counsel for Defendant never responded to the letter of January 2, 2005.

5. On February 28, 2005, counsel for Plaintiff attempted to contact counsel for Defendant to comply with the "meet and confer" requirements. Counsel left a message with the secretary, who promised that counsel for Defendant would call the next day, March 1, 2005.

6. Counsel for Defendant never called.

7. Plaintiff is entitled to have *sworn* responses to his interrogatories, and a *signed* response to his document production requests. The signature requirement under federal rules is not an empty formality: For example, in a discovery context, a signature represents a certification that the document is not legally frivolous, that it is not interposed for any improper purpose, and that it is not unreasonable or unduly burdensome or expensive. Dugan v. Smerwick Sewerage Co., 142 F.3d 398, 407 (7th Cir. 1998). Violation of the signature requirement leads to sanctions. Id. Similarly, Rule 11 signature requirement means that a lawyer made a reasonable investigation, and that the pleading is not presented for an improper purpose, the positions taken are nonfrivolous, and the facts presented are well grounded. Duran v. Carris, 238 F.3d 1268, 1272 (10th Cir. 2001). The Supreme Court made it clear that it expects strict compliance with the signature requirement of Rule 11, which is a substitute for affidavits and verifications. Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 125-26, 110 S.Ct. 456, 459-60 (1989) (attorney may not sign a pleading in a name of his law firm, signing must be in individual capacity; explaining the reasons for the individual signature requirement of Rule 11); Business Guides, Inc. v. Chromatic Communications Enterprises, 498 U.S. 533, 543, 111 S.Ct. 922, 929 (1991) (where a signature is present but fails to satisfy the certification standard, sanctions must be imposed).

8. Additionally, because of Defendant's late production, Plaintiff is prejudiced: Defendant produced a number of third-party business records, and Plaintiff will have to call the keepers of these records as witnesses to establish a business records foundation for the documents. Defendant did not respond to Plaintiff's request to stipulate to the admissibility of the documents Defendant itself produced. Accordingly, Plaintiff requests leave of Court to reopen limited discovery solely for the purpose of obtaining F.R.E. 902(11) affidavits, which will make it unnecessary to call the keepers of business records to testify in person, thereby saving at least half a day of live testimony.

9. Because the signature requirements are basic requirements under the Rules, this matter should have never resulted in a motion; Plaintiff requests his attorney fees in the amount of 1.0 hour for drafting the motion.

**WHEREFORE**, Plaintiff requests that this Court grant him the following relief:

A. Order Defendant to provide sworn answers to Plaintiff's interrogatories, and to properly respond to document production requests;

B. Grant Plaintiff his attorney fees for brining this Motion; and

C. Grant Plaintiff other appropriate and just relief.

**DAVID STROHMAIER**

s/ Dmitry Feofanov
Bar Number: 6224899
Attorney for Plaintiff
CHICAGOLEMONLAW.COM
1639 Brandywine Lane
Dixon, Illinois 61021
Telephone: 815/288-3217
Facsimile: 815/288-3235
Email: Feofanov@ChicagoLemonLaw.com

3

## Certificate of Service

I hereby certify that on March 3, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

None,

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Mr. Gerald L. Hall
524 Court Street
Pekin, IL 61554

s/ Dmitry Feofanov
Bar Number: 6224899
Attorney for Plaintiff

**CHICAGOLEMONLAW.COM**
1639 Brandywine Lane
Dixon, Illinois 61021
Telephone: 815/288-3217
Facsimile: 815/288-3235
Email: Feofanov@ChicagoLemonLaw.com

*Dmitry N. Feofanov*  
*Attorney at Law*  
*(815) 288-3217*

CHICAGOLEMONLAW.COM  
*1639 Brandywine Lane*  
*Dixon, IL 61021*

January 2, 2005

Gerald L. Hall  
333 Court Street, Suite 304  
Pekin, IL 61554

    Re: ***Strohmaier v. Ray Dennison Chevrolet***

VIA FACSIMILE to 1-309-347-1112

Dear Gerald:

I finally received your outstanding discovery on December 31, 2004. Your client still has not provided sworn responses, as required by the Rules. Please provide a signature page within a week, otherwise I will have no choice but to file a *second* motion to compel, and this time we will be asking for fees as well as compliance.

Based on your client's documents received December 31, 2004, we disclose additional witnesses: Mr. Dennison, to testify about Ray Dennison's status as a creditor, Al Ozuna and Dave Metzger, to testify about the conversations during the transaction, and keepers of business records of all financial institutions that sent your clients their rate sheets, to lay a business records foundation for the rate sheets, as well as Ray Dennison's right to mark up interest rates in finance contracts.

Please let me know within a week whether your client would agree to stipulate to the admissibility of the documents that you produced; if your client would not agree, I will ask for additional discovery to obtain business records affidavits, and the entire increase of attorney fees expanded would be attributable to your client.

Very truly yours,

CHICAGOLEMONLAW.COM

Dmitry N. Feofanov

Ex. A