E-FILED
Tuesday, 19 April, 2005   12:19:16 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID STROHMAIER, | ) |
| Plaintiff, | ) |
| v. | ) No. 04-1106 |
| RAY DENNISON CHEVROLET, Inc., | ) Judge Gorman |
| Defendant. | ) JURY DEMANDED |

### MOTION TO ENFORCE
### LOCAL RULE 7.1

**NOW COMES** Plaintiff, David Strohmaier, by his attorneys, and moves to enforce Local Rule 7.1(D)(2):

1. Local Rule 7.1(D)(2) states, in pertinent part:

A failure to respond [to a motion for summary judgment] shall be deemed an admission of the motion.

2. Plaintiff's Motion for Partial Summary Judgment on the FCRA count has been pending before the Court since February 7, 2005.

3. Defendant failed to respond by the due date of February 28, 2005.

4. At a subsequent hearing, the Court excused Defendant's failure, and extended the due date for the response to April 15, 2005.

5. Defendant failed to file its response by April 15, 2005.

6. With respect to local rules, the Seventh Circuit stated:

> "[W]e have emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment." Metro. Life Ins. Co. v. Johnson, 297 F.3d 558, 562 (7th Cir. 2002) (internal quotation marks omitted); see also Ammons, 368 F.3d at 817 (same); Waldridge v. Am. Hoechest Corp., 24 F.3d 918, 922 (7th Cir. 1994) (collecting cases). This means that a district court is entitled "to decide the motion based on the factual record outlined in the [Local Rule 56.1] statements." Markham v. White, 172 F.3d 486, 490 (7th Cir. 1999); see Midwest Imports, ltd. V. Coval, 71 F.3d 1311, 1316 (7th Cir. 1995) (finding the court did not abuse its discretion in declining to consider a non-movant's affidavits because "it is a reasonable judgment on the part of the district court that strict, consistent, 'bright-line' enforcement is essential to obtaining compliance with [Local Rule 56.1] and to ensuring that long-run aggregate benefits in efficiency inure to district courts."

Koszola v. Board of Educ. of the City of Chicago, 385 F.3d 1104, 1109 (7th Cir. 2004).

7. The term "shall" "is generally 'imperative or mandatory.'" Delta Min. Corp. v. Big River's Elec. Corp., 18 F.3d 1398, 1402 (7th Cir. 1994) (quoting Black's Law Dictionary). The Court has already excused Defendant once; Plaintiff respectfully requests that this time the Court enforce Local Rule 7.1.

**WHEREFORE**, Plaintiff requests that this Court grant him the following relief:

A. Enforce Local Rule 7.1(D)(2), and deem admitted Plaintiff's FCRA Motion for Partial Summary Judgment; and

B. Grant Plaintiffs other appropriate and just relief.

**DAVID STROHMAIER**

s/ Dmitry Feofanov
Bar Number: 6224899
Attorney for Plaintiff

CHICAGOLEMONLAW.COM
1639 Brandywine Lane
Dixon, Illinois 61021
Telephone: 815/288-3217
Facsimile: 815/288-3235
Email: Feofanov@ChicagoLemonLaw.com

2

## Certificate of Service

I hereby certify that on April 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

None,

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Mr. Gerald L. Hall
524 Court Street
Pekin, IL 61554

                        s/ Dmitry Feofanov
                        Bar Number: 6224899
                        Attorney for Plaintiff

                        CHICAGOLEMONLAW.COM
                        1639 Brandywine Lane
                        Dixon, Illinois 61021
                        Telephone: 815/288-3217
                        Facsimile: 815/288-3235
                        Email: Feofanov@ChicagoLemonLaw.com