UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID STROHMAIER, )
        Plaintiff )
)
) Case No. 04-1106
)
RAY DENNISON CHEVROLET, INC., )
        Defendant )

**ORDER**

Now before the court are several motions by the plaintiff. These motions are: First Motion for Summary Judgment [Doc. #11]; Second Motion for Summary Judgment [Doc. #13]; Motion to Enforce Local Rule 7.1(D)(2)[Doc. #14]; Motion for Sanctions [Doc. #15] and Motion for Leave to File Additional Authority [Doc. #16].

**MOTION FOR SANCTIONS** (Doc. #15)

Plaintiff seeks sanctions from the defendant, for its failure to produce documents in discovery, pursuant to this court's earlier order commanding production of those documents. Defendant has not responded to this motion. The court therefore assumes that there is no opposition and rules without further notice to the parties.

Fed.R.Civ.P.37(b)(2)(A) provides that if a party "fails to obey an order to provide...discovery...the court in which the action is pending may [enter]... [a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

The discovery ordered related to defendant's status as a creditor under the ECOA. Given defendant's failure to respond to either the court's order or to oppose this motion, it

is therefore granted.  For purposes of dispositive motions and trial of this matter, it is taken as undisputed that defendant is a creditor within the meaning of the ECOA.

**FIRST MOTION FOR SUMMARY JUDGMENT** (Docs. #11)

In this motion, plaintiff asks for summary judgment as to Count II of the complaint. Defendant has not responded to the motion.

Pursuant to the rules of this Court, motions for summary judgment must include certain information.  Chief among that information is the presentation of undisputed facts. The Rule requires the moving party to:

> List and number each undisputed material fact which is the basis for the motion for summary judgment.  Include as exhibits to the motion all relevant documentary evidence.  For each fact asserted, provide citations to the documentary evidence that supports it appropriately referencing the exhibit and page.

Local Rule 7.1D(1)(b).

Plaintiff's motion contains no such articulation of undisputed facts, notwithstanding the heading "Material Facts Claimed to be Undisputed."  The substance of that section is argument, not fact.  See, Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994).  This failure is more than a mere technical deviation.  The court is unable to ascertain from the motion and memorandum just what the facts are asserted to be.

Accordingly, ruling on the motion for summary judgment is deferred.  Plaintiff is directed to file, within 14 days of the date of this order, a supplement to the motion for summary judgment, articulating and documenting each fact asserted to be material and undisputed.

**SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT** (Doc. #13)

In this motion, plaintiff asks for summary judgment as to the creditor status of defendant. Because the court has already ruled on this question (See, Motion for Sanctions, above), it is not necessary to rule again. The motion is denied as moot. Similarly, the motion for leave to file additional authority is denied as moot.

**MOTION TO ENFORCE LOCAL RULE 7.1** (Doc. #14)

This motion is denied as moot. As demonstrated by the rulings stated above, this Court enforces its rules without reminders from the parties.

**MOTION FOR LEAVE TO FILE ADDITIONAL AUTHORITY** (DOC. #16)

In this motion, plaintiff asks for leave to refer the court to additional authority for the proposition that it may enforce its own local rules. There is no need for such authority. The motion is denied.

**CONCLUSION**

For these reasons, the motion for sanctions [15] is allowed, the first motion for summary judgment [11] is deferred and the remaining motions [13,14,16] are denied.

ENTER this 1st day of June, 2005.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE